(No. 3084—

ANN MOFFETT, NEE ANN HOWE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

JOHN E. BABB, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein represents that while calling at the Office of the Illinois Free Employment Bureau, on the third floor of the premises at 116 North Dearborn Street, in Chicago, Illinois, on the 10th day of October, A. D. 1934, she slipped and fell on a strip of linoleum which served as an aisle from the front to the rear of the office room of said Bureau; that the cause of the fall was that the floor had been mopped a short time prior to her visit, and was in a wet and slippery condition. Claimant remained at home for two weeks, during which time her left knee became sore and swollen, and thereafter, on October 30, 1934, while she was in the Boston Store, in Chicago, the knee collapsed and she was removed to the County Hospital, where she received treatment and an operation and remained until June 4, 1935. Suit was filed by her in the Superior Court of Cook County against Dibblee and Manierre as owners of the building where the Employment Bureau was located, and such sum was eventually settled for the sum of One Hundred Twenty-five ($125.00) Dollars. She now seeks an award from the State in the sum of Ten Thousand ($10,000.00) Dollars, to compensate her for the lame and crippled condition and medical care alleged to have been incurred as a result of such accident.

The Attorney General has filed a motion to dismiss the complaint for the reason that same is predicated on an alleged liability of respondent while engaged in a governmental function, and for the negligent and wrongful acts of its officers, agents or employees.

This court has been frequently called upon to pass upon claims based upon such allegations.

In the case of *Kramer* vs. *State,* 8 C. C. R. 31, the court, in denying an award, said:

"The right to recover is based upon the theory that it was the duty of the State to maintain and keep the floor in question in proper and safe condition; and even though the State is not liable for the negligence of its servants and agents, nevertheless an award should be made as an act of social justice and equity.

"It is a well established principle of law in the courts of this and other states that the State is not liable for the negligence of its officers, servants or agents in the performance of governmental functions; neither can this court allow an award as a matter of social justice and equity in any case where the State would not be liable at law or in equity if the State were suable. The latter proposition is considered at length in the case of *Crabtree* vs. *State*, 7 C. C. R. 207."

The views expressed in the two foregoing cases are decisive in the present matter. The motion of the Attorney General to dismiss the complaint is allowed and the complaint is dismissed.